UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
POSILLICO CIVIL, INC., J.D. POSILLICO, INC.,
and POSILLICO, LLC,

                Plaintiffs,

   -against-

ACE USA HOLDINGS, INC. and INDEMNITY
INSURANCE COMPANY OF NORTH AMERICA,

                Defendants.
-----------------------------------------------------------------x

**Hon. Leonard D. Wexler**
**Docket No.: 10 Civ 2307**

**AMENDED COMPLAINT**

Plaintiffs, POSILLICO CIVIL, INC., J.D. POSILLICO, INC., AND POSILLICO, LLC. (collectively "Posillico"), by its attorneys Sinnreich Kosakoff & Messina LLP, as and for its Complaint against Defendants ACE USA HOLDINGS, INC. and Indemnity Insurance Company of North America, alleges as follows:

### Nature of the Case

1. This is an action for a declaratory judgment pursuant to CPLR 3001, and for damages arising out of the wrongful denial by Defendants ACE USA HOLDINGS, INC. and Indemnity Insurance Company of North America (collectively referred to herein as "ACE"), to defend and indemnify Posillico in an underlying personal injury actions, *Sabino Ferreira v. J.D. Posillico, Inc., et al.*, (Supreme Court, Suffolk County, Index No. 35487/09) (the "Underlying Action").

### The Parties

2. Plaintiff Posillico Civil, Inc. is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in the County of Nassau, State of New York, located at 1750 New Highway, Farmingdale, New York, 11735.

3. Plaintiff J.D. Posillico, Inc. is the former entity name of Posillico Civil, Inc., which is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business in the County of Nassau, State of New York, located at 1750 New Highway, Farmingdale, New York, 11735.

4. Plaintiff Posillico, LLC. is the former entity name of Posillico Group, LLC, a domestic limited liability company duly organized and existing under the laws of the State of New York, with its principal place of business in the County of Suffolk, State of New York, located at 1750 New Highway, Farmingdale, New York, 11735.

5. Upon information and belief, Defendant ACE USA HOLDINGS, INC. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania 19103.

6. Upon information and belief, Defendant Indemnity Insurance Company of North America is a professional corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 1601 Chestnut Street, Philadelphia, Pennsylvania 19103.

## The Project

7. On or about April 4, 2007, Posillico Civil, Inc. entered into a contract (the "Prime Contract") with the State of New York Department of Transportation ("NYDOT"), the owner, to perform general contractor work on a bridge replacement project at Route 25 over the Long Island Railroad in the Town of Southold, County of Suffolk (the "Project").

## Contract Between Posillico Civil, Inc. and Norwalk Marine Contractors

8. On or about March 25, 2008, Norwalk Marine Contractors ("Norwalk"), entered into a contract (the "Subcontract") with Posillico Civil, Inc., to perform subcontractor work,

consisting of, among other things, the installation of steel pipe piles for the Project. A copy of the Subcontract annexed hereto as Exhibit "A".

9. The Subcontract provides, among other things, that Norwalk indemnify Posillico Civil, Inc.. Provision 4.6, titled Indemnification, of the Subcontract, states:

> 4.6.1 Subcontractor agrees to indemnify, defend and hold harmless Contractor, Owner, and the Architect and any other individual or entity whom Contractor is required to indemnify, defend or hold harmless and all of their respective subsidiaries, affiliates, shareholders, directors, officers, members, employees, consultants, attorneys, agents, successors and/or assigns (the "Indemnitees") from and against any and all claims, damages, liens, judgments, losses, disputes, actions, proceedings, demands and liabilities (including statutory liability), foreseeable or unforeseeable, related to and/or arising directly or indirectly from or out the (i) the Work and/or (ii) any act or omission of Subcontractor, its sub-subcontractor or suppliers, and/or any of the foregoing parties' servants, principals, officers, directors, consultants, agents, or employees. All expenses of the Indemnitees which may be incurred in connection with any such claim, damage, lien, judgment, loss, dispute, action, proceeding, demand and liability, including reasonable attorney's fees, court costs and insurance deductibles, shall be chargeable to and paid for by Subcontractor. The Subcontractor's foregoing obligation to indemnify, defend and hold harmless the Indemnities (x) is intended to be as broad as permitted by law, (y) shall include claims, damages, liens, judgments, losses, disputes, actions, proceedings, demands and liabilities of every kind and nature including, but not limited to, for tort, under contract, for strict liability or other liability without fault and/or under statute, rule or regulation, and (z) shall not be limited in any way by an amount or type of damage, compensation, or benefits payable under the Prime Contract, this Subcontract, or any surety bond, insurance policy or applicable workers' compensation, disability benefits or other similar employees benefits…

10. The Subcontract provides, among other things, that Norwalk was obligated to maintain insurance "until final completion and acceptance of the Prime Contract." Norwalk was obligated to name Posillico Civil, Inc. as an additional insured on the policies. Rider C to the Subcontract states that "the insurance coverage being provided to Additional Insureds under the

insurance procured by Subcontractor shall in all instances be the primary insurance coverage." The insurance to be maintained by Norwalk included Workers' Compensation and Employer's Liability, Comprehensive General Liability including Contractor's Protective Liability, Completed Operations Liability, Contractual Liability, and Comprehensive Automotive Liability. Specifically, it states that the "Contractual Liability shall include insurance of the hold harmless and indemnification agreements of the Subcontractor running to the Contractor." See Exhibit "A", "Rider C to Standard Form Agreement".

11.  On or about April 8, 2008, Norwalk, as Vendor/Contractor, executed a "Hold Harmless Agreement" in favor of Posillico Civil, Inc. A copy of which is annexed hereto as Exhibit "B". In relevant part, the Hold Harmless Agreement states:

> INDEMNIFICATION: The Vendor/Contractor shall indemnify and hold harmless Posillico Civil, Inc, its officers, employees and/or agents from liability, damage, loss, claims, demands and actions, foreseeable or unforeseeable, which arises out of or is connected with, or is claimed to arise out of or be connected with, any undertaking, product, goods, merchandise, products, services sold and/or work supplied, furnished or performed by the Vendor/Contractor or its agents, servants, or employees, including without limiting the generality of the foregoing, all liability, damages, loss, claims, attorneys and adjusting fees, demands and actions on account of personal injury, death or property loss to Posillico Civil, Inc., its officers, employees, agents or to any other persons, third parties or property…This indemnity and hold harmless is intended to be as broad as is permitted by law and to include claims of every kind and nature-for tort; under contract; for strict liability or other liability without fault; under statute, rule, regulation or other; and otherwise.
>
> INSURANCE: The Vendor/Contractor agrees to secure and provide, at its own cost and expense, insurance in an amount acceptable to and approved by Posillico Civil, Inc., against the liability assumed herein by the Vendor/Contractor shall provide an insurance certificate that Posillico Civil, Inc., any and all subsidiary companies, entities or corporations, its employees and agents, as "certificate holder" and "additional named insureds." Said policy shall be Comprehensive General Liability or

4

>Manufacturer's and Contractor's Liability Insurance Policy with endorsements for completed operations coverage issued by an required provisions or endorsements which will indemnify and insure Posillico Civil, Inc. and all officers and employees against all aspects of or claims arising out of the products, goods, merchandise, services sold and/or work supplied, furnished or performed by the Vendor/Contractor or its agents, servants, sub-contractors, or employees. The insurance afforded to these additional insured shall provide primary coverage for all claims covered thereby.

### The Policy

12. ACE issued the Policy No. XPI N0493029-0 to the named insured Norwalk, for the policy period May 17, 2008 to May 17, 2009 (the "ACE Policy").

13. Upon information and belief, in accordance with the Contract, Norwalk procured an endorsement naming Posillico Civil, Inc. as an additional insured under the ACE Policy.

### The Underlying Action

14. The Underlying Action was commenced on or about September 10, 2009 (copy of the Complaint in the Underlying Action are annexed as Exhibit "C").

15. The Underlying Action seeks to recover damages from Posillico, among other parties, for personal injuries allegedly arising from an accident involving Mr. Ferreira, an employee of Norwalk, who was injured when the dirt pathway collapsed while he was working on the Project that occurred on August 22, 2008 (the "Incident").

16. The Underlying Action alleges negligence against Posillico, among other Defendants, including, for example, that Posillico "caus[ed] and/or permit[ed] and/or creat[ed] unsafe working conditions to exist at Project location which constituted a danger, nuisance and menace to the safety of Plaintiff," that Posillico "had actual and/or constructive notice of the dangerous and defective condition existing at the aforementioned location" and that Posillico was "otherwise reckless, careless and negligent." Exhibit "C" ¶ 90 and 91.

17. The Underlying Action's second cause of action alleges that Defendants, including Posillico, are responsible and strictly liable to Ferreira for his injuries and damages for violating of Labor Law Sections 200, 240 and 241(6) in that Defendants had an "absolute and nondelegable duty to all persons working on the Bridge Replacement Project to safe place to work and site clear and free from hazards to persons working there." Exhibit "C" ¶¶ 96, 97 and 98.

## ACE's Wrongful Denial of Coverage

18. Upon information and belief, the ACE Policy was in full force and effect on August 22, 2008, the date of the Incident alleged in the Underlying Action, and the allegations contained in the Underlying Actions against Posillico are within the coverage of the ACE Policy.

19. Posillico fulfilled and satisfied all provisions of the ACE Policy required to be fulfilled and satisfied in order to obtain the coverage of the ACE Policy.

20. By letter dated January 6, 2010, ACE wrongfully disclaimed coverage contending that the Incident was a result of Posillico's gross negligence and did "not arise out of Norwalk's work, nor out of any acts or omissions of Norwalk's employee/claimant within the scope of his employment," thereby precluding coverage for Posillico under the ACE Policy. A copy of the January 6, 2010 letter is annexed as Exhibit "D".

21. ACE's denial of coverage is wrong in that, among other reasons, the Incident alleged in the Underlying Action did arise out of Norwalk's work and was also caused by the acts and/or omissions of Mr. Ferreira, Norwalk's employee/claimant within the scope of his employment.

22. Posillico timely and properly tendered its defense of the Underlying Action to ACE.

23. Notwithstanding the above, ACE wrongfully disclaimed coverage for Posillico in the Underlying Action, thereby breaching the ACE Policy.

### ACE's Untimely and Unreasonable Delay in Disclaiming Coverage Causes ACE to be Estopped from Denial of Coverage

24. In spite of both the ACE Policy being in full force and effect on August 22, 2008, the date of the Incident, and Posillico fulfilling all the requirements necessary to obtain coverage of the of the ACE Policy, ACE did not wrongfully disclaim coverage until almost fourteen months after the claim was first tendered, and over two months after it received from the date that it received information that allegedly disqualifies the claim.

25. By letter dated November 13, 2008, Chartis, Posillico's general liability insurance carrier, first tendered to ACE the request for ACE to defend and indemnify, on a primary and non-contributory basis, Posillico in the Underlying Action. A copy of the November 13, 2008 letter is annexed as Exhibit "E".

26. It was not until three months later that ACE responded to Chartis' tender demand. By letters dated February 26, 2009 and April 20, 2009, ACE stated that it was not in a position to respond to the demand for tender and requested additional information pertaining to the Incident. A copy of the April 20, 2009 letter is annexed as Exhibit "F".

27. By letter dated October 30, 2009, ACE was tendered with a second formal demand by Chartis, that reiterated the demand made by email on September 29, 2009, to accept responsibility for defense and indemnification of the claim in the Underlying Action, along with additional information relevant to the Incident. A copy of the October 30, 2009 letter is annexed as Exhibit "G".

28. By letter dated December 1, 2009, now over a year from the first demand for tender of coverage, ACE was tendered with a third formal demand by counsel for Posillico. A copy of the October 30, 2009 letter is annexed as Exhibit "H".

29. It was by letter dated January 6, 2010, as stated above, that ACE wrongfully disclaimed coverage by contending that the Incident was a result of Posillico's gross negligence and did "not arise out of Norwalk's work, nor out of any acts or omissions of Norwalk's employee/claimant within the scope of his employment," thereby precluding coverage for Posillico under the ACE Policy. See Exhibit "D".

30. Timely notice of a potential claim was made during the policy period, and as soon as practicable after first discovered by Posillico. A Notice of Loss was filed by Sanbino Ferreira (the "Claimant") on October 17, 2008 alleging that he sustained bodily injuries on August 22, 2008 while employed by Norwalk at the job site located in Southold, New York. Chartis, Posillico's general liability insurance carrier, issued a demand that ACE provide coverage to Posillico for this claim on November 13, 2008.

31. Subsequently, Chartis forwarded relevant documentation regarding the claim.

32. In addition, over the course of the fourteen months prior to its wrongful and untimely disclaimer of coverage, ACE had ample opportunity to perform its own timely, independent, diligent, good faith investigation including a review of its insured's records and discussions with Norwalk's personnel.

33. ACE is thereby estopped from disclaiming coverage due to: 1) its failure to conduct a prompt, reasonable, good faith investigation of possible grounds for disclaimer, and 2) its untimely denial of coverage on January 6, 2010, which is almost fourteen months after the

claim was first tendered, and over two months after it received from the date that it received information that allegedly disqualifies the claim.

### FIRST CAUSE OF ACTION

34. Posillico repeats and realleges the allegations of paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. Pursuant to the ACE Policy, as well as due to its untimely disclaimer of coverage, ACE is obligated to provide a defense and indemnity to Posillico, and to reimburse Posillico for its costs and expenses in connection with its defense of the Underlying Action, and for payment of any settlement or judgment in the Underlying Action.

36. To date, ACE has refused to provide a defense to Posillico or to reimburse Posillico for its costs and expenses in connections with its defense of the underlying lawsuit.

37. ACE wrongfully contents that, pursuant to the ACE Policy, it is not obligated to provide a defense and indemnity to Posillico, or to reimburse Posillico for its costs and expenses in connection with its defense of the underlying lawsuit, or to pay any settlement or judgment in the Underlying Action.

38. Posillico has incurred, and will continue to incur, substantial costs and expenses in connection with its defense of the underlying lawsuit.

39. By reason of the foregoing, an actual and justiciable controversy exists between Posillico and ACE as to whether ACE is obligated by the ACE policy to provide a defense and an indemnity to Posillico, and to reimburse Posillico for its costs, attorney fees and expenses in connection with its defense of the underlying lawsuit.

## **SECOND CAUSE OF ACTION**

40.     Posillico repeats and realleges the allegations of paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.     Pursuant to the ACE Policy, as well as due to its untimely disclaimer of coverage, ACE is obligated to provide a defense and indemnity to Posillico, and to reimburse Posillico for its costs, expenses and attorney fees in connection with its defense of the Underlying Action, and for payment of any settlement or judgment in the Underlying Action.

42.     To date, ACE has refused to provide a defense to Posillico or to reimburse Posillico for its costs, expenses and attorney fees in connection with its defense of the underlying lawsuit.

43.     ACE has breached the ACE Policy by refusing to provide defense and indemnity to Posillico, or to reimburse Posillico for its costs, expenses and attorney fees in connection with its defense of the Underlying Action.

44.     By reason of the foregoing, ACE is liable to Posillico for damages, in an amount to be proven at trial, for all costs, attorney fees and expenses Posillico has and will incur in connection with its defense of the Underlying Action, as well as for any settlement or judgment in the Underlying Action, together with interest, costs and disbursements.

WHEREFORE, Posillico respectfully requests judgment as follows:

1.     On Posillico's First Cause of Action for a judgment declaring that ACE is obligated by the ACE policy to provide a defense and an indemnity to Posillico, and to reimburse Posillico for its costs, attorney fees and expenses in connection with its defense of the underlying lawsuit;

2. On Posillico's Second Cause of Action for breach of contract, in an amount to be proven at trial, together with interest, costs, attorney fees and disbursements;

3. Awarding Posillico interest, costs and attorney fees; and

4. Awarding Posillico such other and further relief as the Court deems just and proper.

Dated: Central Islip, New York
June 24, 2010.

**SINNREICH KOSAKOFF & MESSINA LLP**

By: _____
DAVID B. KOSAKOFF (DK-6645)
*Attorneys for Plaintiffs*
*Posillico Civil, Inc., J.D. Posillico, Inc.,*
*and Posillico, LLC*
267 Carleton Avenue, Suite 301
Central Islip, New York 11722
(631) 650-1200